**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SAVIDGE, <br><br> Plaintiff, <br><br> v. <br><br> CLINTON TOWNSHIP BOARD OF EDUCATION *et al.*, <br><br> Defendants. | Civil Action No. 21-16707 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Robert Savidge's ("Savidge") Motion to Remand this case back to the Superior Court of New Jersey, Hunterdon County, Civil Division. (ECF No. 5.) Defendants John Sirotnak ("Sirotnak"), the Clinton Township Board of Education (the "Board"), and Clinton Township Middle School (the "School," and collectively "Defendants") do not oppose Savidge's Motion.[1] Having considered Savidge's submission, the Court decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court remands this action.

**I.   BACKGROUND**

Only the procedural facts are relevant for disposition of this matter. This case arrived to this Court by way of Defendants' removal, which invoked the Court's diversity jurisdiction under

---

[1] Sirotnak, however, raised arguments regarding the propriety of removal in his Motion to Dismiss Brief. (*See* ECF No. 3-3.)

28 U.S.C. § 1332. (ECF No. 1.) Savidge is a Florida resident; Defendants are New Jersey citizens. (Compl. ¶¶ 1, 4-5, 8, ECF No. 5-3.) Savidge served Sirotnak on August 11, 2021, and served the Board and the School the next day. (*See* Pl.'s Mot. Ex. B, Sirotnak Aff. of Service, ECF No. 5-4; Pl.'s Mot. Ex. C, Board & School Affs. of Service, ECF No. 5-5.) Defendants timely filed their notice of removal on September 9, 2021. (ECF No. 1.)

## II.   DISCUSSION

A straightforward application of the forum-defendant rule resolves this case. Under that rule, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendants' removal is improper under this rule. Defendants are New Jersey citizens that need not fear the "likelihood of local bias" because that bias is "too remote to warrant removal." *Fields v. Organon USA Inc.*, No. 07-2922, 2007 WL 4365312, at *3 (D.N.J. Dec. 12, 2007) (citing *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997)). Nor does snap removal save Defendants because Savidge properly served at least two of them before they removed. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (noting that § 1441(b)(2) "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served").

### III. CONCLUSION

The Court grants Savidge's Motion to Remand and remands this case to the Superior Court of New Jersey, Hunterdon County, Civil Division. The Court will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE